**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MICHAEL WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-819-JMS-DKL |
| | ) | |
| SGT. LEWIS, Correctional Sergeant, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Severing Misjoined Claims**

**I.**

Plaintiff Michael Woods alleges that while he was confined at the Wabash Valley Correctional Facility, an Indiana prison, his Eighth and Fourteenth Amendment rights were violated. Woods seeks money damages, declaratory and injunctive relief.

**II.**

**A.**

Although there may be aspects of Wood=s claims which are subject to dismissal pursuant to 28 U.S.C. ' 1915A(b), an antecedent feature of the complaint must be addressed.

Rule 18(a) of the *Federal Rules of Civil Procedure* provides: AA party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.@ AThus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . .@ *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only Aif there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.@ Fed. R. Civ. P. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances.

Woods alleges three separate claims against separate groups of defendants:

- <u>First</u>, Woods alleges that on August 10, 2009, Sgt. Lewis failed to protect him from attack by Offender Minnifield.

- <u>Second</u>, Woods alleges that between January 7 and January 19, 2010, R. Wells, an unknown sergeant (John Doe 1), and Dr. Wildes failed to protect him from attack by Offender Baxter.

- <u>Third</u>, Woods alleges that between February 7, and February 9, 2010, casework manager Denise Kramer, an unknown sergeant (John Doe 2), and Dr. Micheal Lambert failed to protect Woods from attack by Offender Stewart.

As just described, therefore, Woods' complaint does not set forth any claim or claims that properly join all defendants. In such a situation, A[t]he court may . . . sever any claim against a party.@ FED.R.CIV.P. 21. That is the remedy which will be applied to the complaint. Consistent with the foregoing, the second and third claims described above will be severed from the original complaint.

**B.**

To effectuate the ruling in Part II.A. of this Entry, the second and third claims as described therein shall be severed from the complaint and two new civil actions shall be opened for such claims. The following directions and steps are to be followed.

Each new action shall be opened and the clerk shall draw a new civil action from the Terre Haute Division.

The assignment of judicial officers shall be by random draw.

The complaint in this action (dkt 1) shall be docketed as the complaint in the new actions; the first of the new actions shall pertain solely to the claim against R. Wells, John Doe #1, and Dr. Wildes. The parties to the first of the new actions are Michael Woods, plaintiff, and defendants R. Wells, John Doe #1, and Dr. Wildes.

The complaint in this action (dkt 1) shall be docketed as the complaint in the new actions; the second of the new actions shall pertain solely to the claim against defendants Denise Kramer, John Doe #2, and Dr. Michael Lammert. The parties to the second of the new actions are Michael Woods, plaintiff, and defendants Denise Kramer, John Doe #2, and Dr. Michael Lammert.

The nature of suit of each of the newly opened actions is 555 and the cause of action code of each is 42:1983pr.

A copy of this Entry shall also be docketed in the newly opened actions.

**III.**

Consistent with the determination and rulings made in Part II.B. of this Entry, any claims asserted in this action against Denise Kramer, John Doe #2, Dr. Michael Lammert, R. Wells, John Doe #1, and Dr. Wildes are **dismissed without prejudice**. One consequence of this is that Denise Kramer, John Doe #2, Dr. Michael Lammert, R. Wells, John Doe #1, and Dr. Wildes are **terminated** as parties in this action. In order to leave no doubt on the subject, severing of the claims against Denise Kramer, John Doe #2, Dr. Michael Lammert, R. Wells, John Doe #1, and Dr. Wildes in this case does not represent a final adjudication of such claims.

**IT IS SO ORDERED.**

Date: _08/31/2011_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL WOODS
911570
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Note to Clerk: Processing this document requires actions in addition to docketing and distribution.